UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.

CITY OF DETROIT, NORMAN
WHITE, in his official capacity as
DIRECTOR OF CITY OF DETROIT
PARKING VIOLATIONS BUREAU and
JAMES CANTY, in his official capacity as
the MANAGER OF CITY OF DETROIT
PARKING VIOLATIONS BUREAU

    Defendant.
_____/

Case No. 18-13812
Honorable Victoria A. Roberts

## ORDER

**(1) GRANTING DEFENDANTS' MOTION TO DISMISS [ECF No.13]**
**(2) GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT [ECF No. 17]**
**(3) MOOTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF No. 19]**

### I. INTRODUCTION/BACKGROUND

On December 10, 2018, Latausha Simmons ("Simmons") filed a *pro se* complaint against the City of Detroit, James Canty in his official capacity, and Norman White in his official capacity (collectively, "Defendants"). She alleges Defendants placed a "stop action" on her driver's license after she failed to

1

pay parking citations and violations. She says the Michigan Secretary of State would not renew her license because of this.

The City of Detroit filed a timely response to Simmons' complaint after service was completed. [ECF No.9]. Because Canty and White were sued in their official capacity, a timely response on behalf of the City of Detroit is sufficient. *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). The Court **Grants** Defendants' motion to set aside the Clerk's entry of default judgment against White and Canty.

Simmons alleges 42 U.S.C. 1983 ("§1983") *Monell* and other state law claims against Defendants. But — because her claims are either barred by the statute of limitations or the *Rooker–Feldman* doctrine — the Court **GRANTS** Defendants' Motion to Dismiss. Simmons' Motion for preliminary injunction is **MOOT**.

## II.   BACKGROUND

Simmons alleges nine claims against Defendants. She alleges §1983 claims for Fourteenth Amendment violations (Count I) and unconstitutional custom, policy, or practice (Count III). In addition, Simmons asserts seven state law claims against Defendants: false arrest and false imprisonment (Count IV); violations of due process and equal protection under the 1963 Michigan Constitution (Count II); fraudulent omission or silent fraud and

extortion (Count VI); breach of duty (Count VII); negligent and intentional infliction of emotional distress (Count V); violation of the Michigan Vehicle Code (Count VIII); and Violation of Article II of the City's Municipal Ordinance (Count IX).

On October 18, 2013, the 36th District Court notified the Michigan Department of State to place a "stop action" on Simmons' license because she had numerous unpaid parking tickets. A "stop action" may only be placed on an individual's license when a local court notifies the Michigan Department of State to suspend the license of someone who failed to respond to a Michigan traffic citation. The suspension stays in effect until the licensee resolves the matter. On October 27, 2013, Simmons received a letter from the Michigan Secretary of State confirming the "stop action." As a result, Simmons could not renew her license.

Simmons asserts that the "36th District Court never authorized a 'stop action' against Plaintiff…" [ECF No. 1, PageID.4]. On the other hand, Simmons claims that "the 'stop action' is based on inaccurate and misrepresented information supplied by the [D]efendants." [ECF No. 1, PageID.4].

The parking tickets that led the Secretary of State to issue the stop action are: Ticket 1– Z08922690 – issued on 04/09/2009; Ticket 2– J6186583– issued on 10/20/2009; Ticket 3 – Z14560044 – issued on 03/04/2010; Ticket 4 – Z16461572 – issued on 10/19/2010; Ticket 5 – Z16593080 – issued on 11/16/2010; Ticket 6 – Z20454346 – issued on 4/26/2011; Ticket 7 – Z26115552 – issued on 05/01/2013. Simmons alleges these tickets were either fraudulently given to her or improper because she was denied a formal hearing to contest them. She says this amounted to an unconstitutional deprivation of her due process rights under the United States Constitution and the Michigan Constitution.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than

"bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action"). Ultimately, the question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citations omitted).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

Generally, a motion to dismiss under Rule 12(b)(6) is not an appropriate vehicle to raise an affirmative defense such as the statute of limitations; a plaintiff is not required to "anticipate and attempt to plead

5

around all potential defenses" and "[c]omplaints need not contain any information about defenses and may not be dismissed for that omission." *Xechem, Inc. v. Bristol–Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir.2004). Nonetheless, the Sixth Circuit held that a plaintiff may have an obligation to plead tolling or facts in avoidance of the statute of limitations defense when it is apparent from the face of the complaint that the time limit for bringing the claim expired. *See Bishop v. Lucent Techs., Inc.,* 520 F.3d 516, 518 (6th Cir.2008). A motion to dismiss on statute of limitations grounds should be granted "when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief." *New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir.2003) (emphasis in original) (internal quotation marks omitted).

IV. **ANALYSIS**

**A. Simmons' Claims Are Barred By Statute of Limitations**

Defendants argue that Simmons' claims are barred by the statute of limitations. Simmons did not respond specifically to the statute of limitations argument raised by Defendants, but she directs the Court to her Complaint

6

that alleges actions taken under color of state law, and a violation of her Fifth and Fourteenth Amendment rights.

### 1. Simmons' §1983 Claims Are Barred

While Congress did not set forth a statute of limitations under § 1983, courts "must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003). Because this action occurred in Michigan, "the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005).

Though state law determines what the statute of limitations period is, federal law determines when the statutory period begins to run. *Harrison v. Michigan*, 722 F.3d 768, 772–73 (6th Cir. 2013) (citing *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)). The statute of limitations period began running when Simmons knew or had reason to know that the acts constituting the basis of her complaint occurred. *Harrison*, 722 F.3d at 773. Each individual traffic incident that Simmons alleges set off its own three-

year clock, and after the three years elapsed, Simmons would be barred by the statute of limitations from asserting a claim based on that incident.

Because Simmons knew about the injury when she received the tickets, the clock started at each of those moments. *See Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir.1986). *See also NAACP, Detroit Branch v. Detroit Police Officers Ass'n (DPOA),* 676 F.Supp. 790, 794 (E.D.Mich.1988). Thus, the Defendants correctly argue that only incidents occurring within the three years immediately preceding Plaintiff's filing of this lawsuit should be considered.

Simmons filed her Complaint on December 10, 2018; only incidents occurring on or after December 10, 2015 may be considered for her §1983 claims. Simmons' complaint is based on tickets issued between 2009 and 2013. Simmons does not allege any citations issued by Defendants on or after December 10, 2015. Her §1983 claims are barred.

Further, claims alleged under §1983 must be brought for "deprivation of rights secured under the Constitution of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Reed v. City of Detroit*, 2019 WL 4574385, at *9 (E.D. Mich. Sept. 20, 2019) ("the Michigan Supreme Court has held that there is no damages remedy against an individual or

8

municipality under the Michigan Constitution because other remedies are available against them, specifically a §1983 claim."). Therefore, Simmons' claim under the Michigan Constitution (Count II) is dismissed with prejudice.

Counts I, II and III are dismissed with prejudice.

### 2. Simmons' State Law Claims Are Barred

Similarly, Simmons' state law claims are barred. The statute of limitations that applies to the various state law claims in Simmons' complaint are: two years for false arrest and imprisonment (count IV), Mich. Comp. Laws § 600.5805(2); and three years for intentional infliction of emotional distress (count V), negligent infliction of emotional distress (count V), Mich. Comp. Laws § 600.5805(10).

Under Michigan law, a tort "claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Comp. Laws § 600.5827. Simmons' breach of duty (count VII) and fraud (VI) claims are also barred by Michigan's three-year statute of limitation on personal injury actions. *See Kendricks v. Moore*, 2009 WL 1338912, at *2 (E.D. Mich. May 13, 2009). All of the state law claims accrued on or before May 1, 2013, and the various limitations periods expired no later than May 1, 2016.

Because Simmons filed her complaint on December 10, 2018, more than two and half years after the latest possible date for timely filing, all of her state law claims are time barred. Counts IV, V, VI, VII are dismissed with prejudice.

**B. Simmons' Claims For Violations of the Michigan Vehicle Code And Detroit Municipal Ordinance Are Barred By the Rocker-Feldman Doctrine**

Finally, the Court lacks jurisdiction over the Michigan Vehicle Code (Count VIII) and Detroit Municipal Ordinance violations (Count IX) because the complaint collaterally challenges the Secretary of State's administrative determination.

The Sixth Circuit explained:

> The *Feldman* Court stated that "United States District Courts … do not have jurisdiction … over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court." *Feldman,* 460 U.S. at 486; *see also Anderson v. Charter Township of Ypsilanti,* 266 F.3d 487, 492 (6th Cir.2001). In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

*Tropf v. Fidelity Nat. Title Ins. Co.,* 289 F.3d 929, 936–37 (6th Cir.2002) (footnote omitted).

This doctrine applies to administrative agency decisions so long as the agency exercises "powers that are inherent to the judiciary, or because the state has provided mechanisms for judicial review of their determinations that distinguish those determinations from other types of state administrative action." *Mitchell v. Fishbein,* 377 F.3d 157, 166 (2d Cir. 2004). Mich. Comp. Laws § 257.323 provides for judicial review of the decisions in the state circuit court; Simmons' attack on the driver's license restriction proceeding falls within the parameters of *Mitchell* and is barred by the *Rooker–Feldman* doctrine. As such, Simmons must pursue whatever remedies are available in the state courts. *See* Mich. Comp. Laws § 257.323. Counts VIII and IX are dismissed without prejudice.

### V. CONCLUSION

Defendants' motion to dismiss is **GRANTED.** Counts I, II, III, IV, V, VI, VII against City of Detroit, James Canty, and Norman White are **DISMISSED WITH PREJUDICE.** Counts VIII and IX are **DISMISSED WITHOUT PREJUDICE.**

Canty and White's motion to set aside the Clerk's entry of default judgment is **GRANTED**.

Simmons' motion for preliminary injunction is **MOOT**.

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated: February 19, 2020